CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 23 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| KENNETH N. JONES, | ) |
| | ) Criminal Action No. 7:09-CR-00027 |
| Petitioner | ) |
| | ) <u>MEMORANDUM OPINION</u> |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Respondent | ) |

Petitioner, Kenneth N. Jones ("Jones"), proceeding *pro se*, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Jones claims that he did not enter into his plea agreement knowingly, intelligently, or voluntarily and that he was denied effective assistance of counsel during sentencing. Respondent filed a motion to dismiss to which Jones responded, making the matter ripe for the Court's consideration. Upon review of the submissions of the parties and the underlying criminal record, Case No. 7:09-CR-00027, the Court finds that Jones validly waived his right to pursue a § 2255 motion in his plea agreement. Accordingly, the court finds that Respondent's motion to dismiss must be granted, and Jones' motion to vacate his sentence under 28 U.S.C. § 2255 must be denied.

I. **Factual Background and Procedural History**

On September 17, 2009, Petitioner Jones pled guilty to Possession with Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). Jones entered his plea of guilty in accordance with the terms of a Plea Agreement with the United States. The Judge accepted Jones' guilty plea after finding as a matter of fact that Jones fully understood the nature of the charge to which he was pleading guilty; that he entered the Plea

Agreement voluntarily, of his own volition, free from threats, promises, compulsion, or duress; that he understood the consequences of entering a guilty plea, and that Jones was fully and completely satisfied with the legal services rendered by his attorney. The matter was then referred to the United States Probation Office for the preparation of a presentence report.

The presentence report identified Jones as possessing a dangerous weapon, a firearm, in connection with the crime to which he pled guilty, which increased the offense level by two. The presentencing report identified Jones' total offense level as 27 and his criminal history category as I. Under the Federal Sentencing Guidelines, the imprisonment range for Jones was 70 to 87 months. Jones' attorney filed a written objection to the dangerous weapon enhancement, and introduced witness testimony at the sentencing hearing to dispute the enhancement. Nonetheless, the Court found a connection between the firearm and the underlying offense to which Jones pled guilty and adopted the findings of the presentencing report. However, the Court also included a two-level sentence reduction under the so-called "safety value" provision, § 5C1.2 of the Federal Sentencing Guidelines, and sentenced Jones to 60 months imprisonment.

The relevant terms of the Plea Agreement stipulated that Jones knowingly and voluntarily agreed to waive his right to directly appeal his sentence and that Jones further agreed to waive his right to collaterally attack any court order in his case. Jones affirmed that he understood and voluntarily accepted and signed the Agreement after discussing the terms with his attorney, with whom he was fully satisfied. Jones's attorney specifically retained the right to appeal the dangerous weapon sentencing enhancement.

Jones did not directly appeal his conviction or his sentence. On April 30, 2010, Jones filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On July

2, 2010, the United States filed a Motion to Dismiss in response to Jones' Motion to Vacate. Jones responded on August 2, 2010.

## II. Standards of Review

### A. Section 2255 Motion

After conviction and exhaustion, or waiver of any right to appeal, the Court can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). However, prisoners in federal custody may attack the validity of their convictions through a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Under § 2255, a prisoner in federal custody may challenge his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the petitioner must prove his allegations by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

### B. Motion for Summary Judgment

The United States' motion to dismiss must be treated as a motion for summary judgment. The United States submitted materials outside of the pleadings, including transcripts, the Plea Agreement signed by Jones, and an affidavit from Jones' former counsel. Jones also included a memorandum in support of his Motion to Vacate.[1] The Court may consider a motion to dismiss

---

[1] As explained *infra*, the Court finds that an evidentiary hearing is unnecessary because the claims in the petition can be resolved on the basis of the present record. Rule 8 of the Rules Governing § 2255 Cases in the United States District Courts specifically contemplates that the availability of an evidentiary hearing in a § 2255 petition will be determined by reviewing "the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7." RULES GOVERNING § 2255 PROCEEDINGS, RULE 8(a).

3

submitted with additional affidavits or documents outside the pleadings as a motion for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(d). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts and inferences to be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Court looks to the affidavits and other specific facts to determine whether there is a genuine issue of fact in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III. Analysis

#### A. Jones Waived Any § 2255 Claims In His Plea Agreement

The Plea Agreement, signed by Jones and the United States Attorney, contained two pertinent waivers. In the first, Jones expressly waived his right to appeal his sentence to the Court of Appeals.[2] Plea Agr. Pg. 7. In the second, Jones agreed to "waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter and agree I will not file any document which seeks to disturb any such order." Plea Agr. Pg. 8. Jones initialed each of the pages containing these waivers. Jones also signed the Plea Agreement after reciting, in writing, that he understood the terms of the Agreement and voluntarily agreed to it. Plea Agr. Pg. 12. Jones further certified that he had not been coerced, threatened, or promised anything

---

[2] The United States argues in its Motion to Dismiss that because Jones failed to appeal his sentence (in contravention to the Plea Agreement), he cannot now petition this Court to vacate for ineffective assistance of counsel. For as the United States asserts, "[i]t is common knowledge that failure to raise a claim on appeal results in procedural default of that claim." Resp. Motion Pg. 5. The Supreme Court of the United States does not share that view on this particular issue, holding that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696 (2003).

4

other than the terms of the Agreement, and that being aware of all the possible consequences of the plea, he independently decided to enter the Agreement of his own volition. *Id.*

Waivers of collateral attack rights, such as the one Jones entered, have been upheld by every Circuit Court of Appeals to consider the issue. *See, e.g., Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001); *DeRoo v. United States*, 223 F.3d 919 (8th Cir. 2000); *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999); *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012 (9th Cir. 1993). The Fourth Circuit follows the same rule. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

Public policy also supports the general enforcement of waivers. The Fourth Circuit holds that "defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). A defendant's waiver of the right to file a habeas petition should not be "distinguished in any way from other fundamental constitutional rights that defendants are permitted to waive." *Braxton v. United States*, 358 F. Supp. 2d 497, 502 (W.D.Va. 2005). Enforcing these plea agreement waivers promotes "the government's interest in avoiding both the expense and uncertainty of further litigation." *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001). Equally, defendants enjoy benefits from enforceable waivers, namely "exemption from prosecution for other crimes, the government's stipulation to an acceptable Guidelines range, and the government's agreement that it would not seek upward departures or adjustments beyond that range." *Id.* However, the Court's non-enforcement of plea agreement waivers would inhibit

these benefits inuring to both parties. Accordingly, the burden lies on Jones to demonstrate why the waiver in his signed Plea Agreement should not preclude a collateral attack on his sentence.

### 1. Jones' Waiver is Valid and Binding

To avoid the preclusive effect of his waiver of the right to collaterally attack his sentence in the Plea Agreement, Jones argues that the waiver was invalid. Jones specifically alleges that his waiver was not knowing and voluntary even though the alleged ineffective assistance of counsel arose only after his signing of the Plea Agreement. Accordingly, Jones asserts that he could not have knowingly waived his right to complain of this constitutional deprivation because he had not yet suffered it. Jones' argument is not entirely devoid of support. *See, e.g., United States v. Attar*, 38 F.3d 727 (4th Cir. 1994). Nonetheless, for the reasons that follow, the Court concludes that Jones' waiver was both knowing and voluntary and his ineffective assistance of counsel claim is without merit. The Court finds that there is no dispute of material fact on this matter, and that the United States is entitled to judgment as a matter of law.

Pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the Court engaged in a lengthy colloquy with Jones. During a properly conducting Rule 11 colloquy, "a defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity" and accordingly present a "formidable barrier in any subsequent collateral proceedings." *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004). At Jones' plea colloquy, he told the Court the last four digits of his Social Security number, that he was thirty-five years old, had graduated high school, and was not under the influence of alcohol or of any drug that inhibited his ability to understand the courtroom proceedings. The Court specifically questioned Jones about his understanding of the Plea Agreement. The Court asked Jones whether he had read and understood the Plea Agreement, to

which Jones responded in the affirmative. Jones affirmed that he had been given ample opportunity to discuss the case with his attorney and that he was totally and completely satisfied with the counsel, representation, and advice given by his attorney in this matter. Jones denied that anyone had made any promise to him, outside the provisions of the Plea Agreement, or otherwise induced him to plead guilty. Jones further acknowledged that he understood that he was giving up his right to collaterally attack the Court's judgment. The court determined, after conducting the plea colloquy, that Jones' plea was knowing and voluntary.

The Court today finds no reason to change its previous determination. Jones knowingly and voluntarily entered a valid guilty plea and a valid waiver of his right to collaterally attack his sentence under § 2255. The court specifically discussed the Plea Agreement with Jones during the plea hearing and emphasized the fact that he was giving up his right to collaterally attack the judgment. Jones indicated that he understood the elements of the charges against him, and the consequences of his guilty plea and that he was voluntarily entering the plea. Moreover, he was sentenced to 60 months, in keeping with the agreement for which he bargained. In fact, he received a substantial offense-level decrease at sentencing, reducing the total sentence below the guideline standard.

However, regardless of whether a petitioner has waived his right to collaterally attack the judgment imposed, the ineffective assistance of counsel can destroy the knowing, voluntary, and intelligent nature of the plea agreement, and thus vitiate the effectiveness of the waiver. *See Hill v. Lockhart*, 474 U.S. 52, 55 (1985). The ineffective assistance of counsel that Jones alleges, though, occurred *after* his guilty plea. Jones does not allege that these purported constitutional violations invalidate the guilty plea itself, but only the sentencing phase.

In *United States v. Lemaster*, the district court held that Lemaster had waived claims that counsel was ineffective for, among other things, (1) "fail[ing] to object to the presentencing report as directed by Lemaster," (2) failing to request a "downward departure based on Lemaster's diminished capacity," and (3) failing to request a "downward departure based on Lemaster's deteriorating medical condition." 403 F.3d 216, 219 n.1 (4th Cir. 2005). The Fourth Circuit refused to reconsider any of these claims because "none of [these claims] relate to the voluntariness of his plea agreement or waiver of collateral-attack rights." 403 F.3d at 219.

This is not to say that a petitioner has no recourse for allegations of ineffective assistance of counsel after signing a collateral attack waiver in his plea agreement. For instance, the Fourth Circuit has noted "that sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." *United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). By way of example, when a district court "permitted their lawyers to withdraw at the beginning of the sentencing hearing, denied their request for a continuance to retain substitute counsel, and forced them to represent themselves during the rest of the proceedings," the petitioner's waiver did not preclude his bringing a § 2255 motion to vacate. *United States v. Attar*, 38 F.3d 727, 733 (4th Cir. 1994). However, *Lemaster* narrowly limits the category of cases where § 2255 actions may be maintained despite plea agreement waivers to 1) cases involving sentences imposed in excess of the statutory maximum, 2) cases involving sentences based on constitutionally impermissible factors, such as race, and 3) cases involving claims that the petitioner had been wholly deprived of counsel during sentencing procedures. 403 F.3d at 220 n. 2 (citing *Attar*, 38 F.3d at 732; *United States v. Marin*, 961 F.2d 493 (4th Cir. 1992)).

Alleging ineffective assistance of counsel during the sentencing phase is not a general exception to a waiver of the right to collaterally attack a sentence. The Court finds that Jones' claim does not fall within any of these three categories warranting § 2255 review in spite of an otherwise valid plea agreement waiver. The Fourth Circuit's conclusion in *United States v. Wiggins* governs here: "[A] defendant who pleads guilty, and expressly waives the statutory right to raise objections to the sentence, may not then seek to appeal the very sentence which itself was part of the agreement." 905 F.2d 51, 53 (4th Cir. 1990). Although the precise sentence was not set forth in the Plea Agreement, the procedures for determining that sentence were clearly established and Jones knowingly and voluntarily agreed to those procedures, *before* the alleged ineffective assistance of counsel occurred. Given the true nature of Jones' petition—a challenge to his sentence disguised as an ineffective assistance of counsel claim—the Court believes that Jones' waiver of the right to collaterally attack his sentence must be enforced.

### B. Jones' Claims of Ineffective Assistance of Counsel Are Unmeritorious

Notwithstanding the fact the Jones waived his right to collaterally attack his sentence, Jones' ineffective assistance of counsel claim fails on the merits. Jones bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in *Strickland*. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Petitioner must show "that the deficient

performance prejudiced the defense" to the extent that he was deprived of a fair trial. *Id.* In this case, Jones must show that there is a reasonable probability that, but for his attorney's alleged mistakes, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Upon review of the record, the Court finds that Jones is unable to demonstrate that his attorney's performance was deficient. Jones alleges that his counsel was ineffective because he failed to object to the sentencing enhancement Jones received for possessing a dangerous weapon in connection with his drug charge. Jones argues that there was an insufficient nexus between the dangerous weapon and the illegal drug activity to support a sentence enhancement and that counsel failed to argue that point during sentencing. That allegation cannot be substantiated. Jones' attorney did in fact object to the dangerous weapon enhancement during the sentencing phase. Written Objection #2 in the presentence report reads "Mr. Jones disagrees with the application of a two-level enhancement for possession of a dangerous weapon." The defendant indicates that because the handgun was found in the bedroom closet of the defendant's home, was unloaded, and was not present during the Mar 8, 2007 drug transaction with Ms. Carter, the enhancement inapplicable." Presentence Report Addendum. Jones argues that even if his counsel's objection in the presentence report was adequate, counsel failed to argue the point at the sentencing hearing. However, the sentencing hearing transcript indicates that Jones' attorney argued against the enhancement quite vociferously, arguing the point to the Court at length and adroitly cross-examining the author of the presentence report. The Court therefore finds Jones' attorney's performance to be more than adequate.

Furthermore, even if Jones' counsel's performance at the sentencing hearing was deficient in some way, that deficiency would not have prejudiced Jones so as to infringe on his

10

Sixth Amendment rights. A petitioner who has pled guilty must pass a high threshold to demonstrate prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Jones does not allege that he would have gone to trial but for his attorney's alleged errors and he failed to voice any concerns during his guilty plea or sentencing about his counsel's assistance. He only contends that had his counsel not erred, he would not have received a two-level dangerous weapon sentence enhancement. This does not meet the standard for prejudice under *Strickland*. *Fields v. Att'y Gen. of Maryland*, 956 F.2d 1290, 1297 (4th Cir. 1992) (holding that a defendant who pleaded guilty and subsequently challenged his sentence on an ineffective assistance of counsel claim without demonstrating that but for counsel's errors he would not have pleaded guilty cannot show actual prejudice). Jones' allegations therefore fail both prongs of the *Strickland* analysis, and had his claim not been validly waived, it would be unmeritorious.

## IV. Conclusion

For the stated reasons, the United States' Motion for Summary Judgment is **GRANTED** and Jones' 28 U.S.C. § 2255 Motion is **DENIED**. An appropriate order shall issue this day.

Jones is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this Court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Based upon the Court's finding that Jones has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000). If Jones intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

**ENTER:** This 23rd day of September, 2010.

/s/ James C. Turk
Senior United States District Judge